```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
                                                 :    Chapter 7
KEVIN THOMAS WATKINS,                            :    Case No. 17-12918 (SMB)
                                                 :
                 Debtor.                         :
-------------------------------------------------X
```

## MEMORANDUM DECISION GRANTING
## RELIEF FROM THE AUTOMATIC STAY

**A P P E A R A N C E S:**

**MILLER & MAGGUILLI**
Attorneys for Movant
14 Corporate Woods Boulevard
Albany, New York 12211

  Lawrence P. Magguilli, Esq.
    Of Counsel

**KEVIN THOMAS WATKINS**
Debtor *Pro Se*
244 Fifth Avenue, Suite 2950
New York, New York 10001

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

  American Honda Finance Corporation ("Honda") has moved for relief from the automatic stay (the "Motion") to enforce its security interest in the debtor's 2014 Honda Civic (the "Vehicle"). The debtor opposes the Motion, arguing in the main that it is procedurally defective and that he does not owe Honda any money. For the reasons that follow, the Motion is granted.

### BACKGROUND

  On or about August 2, 2014, the debtor entered into a Retail Installment Contract (the "Contract") with Plaza Motors of Brooklyn dba Plaza Honda to purchase the Vehicle. The debtor financed $27,676.29 of the purchase price, and agreed to make

seventy-two payments of $432.31 each, or a total payment of $31,126.32. The latter amount included a finance charge of $3,450.03. The loan was secured by a lien on the Vehicle. The seller immediately assigned the Contract to Honda, and records maintained by the New York State Department of Motor Vehicles demonstrate that Honda perfected its lien.

The debtor made his last payment on or about August 19, 2017, and after the debtor commenced this case on October 19, 2017, Honda moved for relief from the automatic stay. According to the Motion, the payoff balance on the Vehicle was $14,555.24, and the approximate replacement value of the Vehicle was $9,850.00. The debtor's initial schedules were consistent with Honda's estimate of the amount of the debt and the value of the Vehicle. According to Schedule D, the debtor owed $14,427 to Honda, and the Vehicle was worth $9,631.00. (ECF Doc. # 10, at 24 of 56.)[1]

In opposition to the Motion, the debtor first identified certain alleged procedural irregularities. He argued that the loan papers were illegible and his account number was blacked out, the affidavit of Reinaldo Torres, sworn to November 16, 2017, which Honda submitted in support of the Motion, was not properly notarized, Honda failed to submit a memorandum of law or appropriate legal authority as required by Local Bankruptcy Rule 9013-1(a), and to the extent legal arguments were included in the Motion, they were not signed by an attorney and violated Federal Bankruptcy Rule 9011. (*Opposition to Vacate Motion*, dated Dec. 6, 2017, at ¶ 2 (ECF Doc. # 15).)

---

[1] The pagination "_ of _" refers to the page numbers imprinted at the top of each page by the CM/ECF system.

Notwithstanding the value he listed in his schedules, he also contended that the Vehicle was worth less than $4,000.00.  (*Id.* at ¶ 4.)

The debtor appeared on the return date and argued further that there was no outstanding balance due on the loan.  The Court adjourned the matter to afford the debtor the opportunity to submit evidence regarding these payments.  The debtor subsequently submitted further opposition that, among other things, argued that Honda had miscalculated the amount due from him.  He apparently maintained that the amount Honda asserted he owed failed to account for reductions to which he was entitled in the amount $2,200.00 based on the cancellation of the Toyota Continuous Care and $10,619 based on the trade-in of his 2009 vehicle.[2]  In addition, he had paid Honda a total of $15,239.16.   In other words, he had paid or was entitled to a credit in the aggregate amount of $28,058.16, and owed nothing.  (*See Further Opposition to Vacate Motion*, dated Jan. 4, 2018, at ¶¶ 18, 19 ("*Further Opposition*") (ECF Doc. # 21).)  However, the debtor simultaneously filed amended schedules, (ECF Doc. #22), and admitted in amended Schedule D that he owed Honda $14,427.00 secured by collateral (*i.e.*, the Vehicle) worth $4000.00.[3]  (*Id.* at 13 of 31.)  Notably, the debtor did not dispute Honda's contention that he had not made a payment since August 2017.

---

[2]    The trade-in is accounted for in the Contract.  The debtor received a trade-in allowance in the sum of $10,619.66, but owed Wells Fargo that amount in connection with the trade-in.  In other words, the trade-in extinguished the debtor's debt to Wells Fargo which was secured by the vehicle he traded-in, but Wells Fargo rather than Honda got the benefit of the value of the trade-in.

[3]    The debtor contended that he did not have accurate payment records, and Honda had denied him access to the record of his account.  (*Further Opposition* at ¶ 17.)  However, he made his payments electronically, (*id.*), and failed to explain why his own bank statements did not reflect the debits resulting from the electronic payments.  He also questioned the accrual of certain late charges and repossession fees, but failed to show that the amounts at issue were material to the resolution of the Motion.

3

**DISCUSSION**

On a motion for relief from the automatic stay, the party requesting the relief has the burden of proof on the issue of the debtor's equity in the property, and the party opposing relief has the burden of proof on all other issues. 11 U.S.C. §362(g). But even when the non-movant has the ultimate burden of proof, the movant must still make a *prima facie* showing that it is entitled to the relief it seeks. *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994).

Initially, the Court rejects the debtor's procedural challenges. In response to these arguments, Honda filed the *Affirmation [of Lawrence P. Magguilli] in Response to Opposition to Vacate Motion*, dated Dec. 22, 2017. (ECF Doc. # 17.) The Affirmation attached a more legible copy of the Contract (properly redacted in accordance with Federal Bankruptcy Rule 9037), an updated statement of the debtor's account (not showing any payments after August 19, 2017) and a copy of the original, duly notarized affidavit of Reinaldo Torres, dated November 16, 2017. In addition, Honda submitted a memorandum of law. (ECF Doc. # 18) and (ECF Doc. # 17-1.)

Federal Bankruptcy Rule 1001 states that the rules "shall be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." The procedural errors identified by the debtor are harmless, and did not prevent the debtor from opposing the Motion. Requiring Honda to re-serve the motion, while the debtor continues to use the Vehicle without paying for it, is neither just, speedy, nor inexpensive. In addition, the original and supplemental oppositions filed by the debtor did not contain either actual

or conformed signatures.  (*See* ECF Doc. ## 15, 21.)  Under the debtor's theory, his opposing papers should be stricken.

Turning to the merits, Honda has made a *prima facie* showing that it lacks adequate protection, and the debtor has failed to carry his ultimate burden of persuasion under 11 U.S.C. § 362(d)(1).  A secured creditor lacks adequate protection if the value of its collateral is declining or threatening to decline as a result of the stay. *Elmira Litho*, 174 B.R. at 902.  Honda demonstrated that its claim is secured by the Vehicle, and that the debtor continues to possess and presumably use the vehicle but has not made any payments since August 2017.  I infer that the value of the Vehicle has declined or threatens to decline in value since the filing of the petition, and without any corresponding payments, the value of Honda's secured claim has diminished.  The debtor has not come forward with any evidence to controvert these facts.

Honda also demonstrated that it is entitled to relief from the automatic stay under Bankruptcy Code §362(d)(2).  A secured creditor is entitled to relief from the automatic stay under that provision if the debtor lacks equity in the property, and the property is not necessary to an effective reorganization.  Despite his apparent contention that he has overpaid Honda (based in part on a $10,619.66 trade-in credit that extinguished his debt to Wells Fargo and provided no benefit to Honda), the debtor's own amended schedules demonstrate that Honda's claim exceeds the value of its collateral by more than $10,000.00.  Hence, the debtor lacks equity in the Vehicle.  In addition, as this is a chapter 7 case, there will be no reorganization.

Accordingly, the Motion is granted, and the court will sign the order submitted by Honda with any necessary changes deemed appropriate by the court. The Court has considered the debtor's remaining arguments, and concludes that they lack merit.

Dated: New York, New York
       January 9, 2018

                               /s/ *Stuart M. Bernstein*
                                STUART M. BERNSTEIN
                             United States Bankruptcy Judge